IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FABIOLA ROSILES, as Independent Administrator for the Estate of ABEL ROSILES, JR., deceased,**

          Plaintiffs,

vs.

**VILLAGE OF ROUND LAKE BEACH, J. SCHEITHE, J. BERTHOLOMEY, T. CRAMER, and H. ATWELL,**

          Defendants.

Case No.

**COMPLAINT AT LAW**

Now comes FABIOLA ROSILES as Independent Administrator for the Estate of ABEL ROSILES JR., deceased, by and through her attorneys HALE & MONICO LLC, and complaining of Defendant VILLAGE OF ROUND LAKE BEACH, and individual Defendants J SCHEITHE (badge 274), J. BERTHOLOMEY (badge 280), T. CRAMER (badge 278), H. ATWELL (badge 257), states as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of lawof Plaintiff's rights as secured by the United States Constitution and Illinois law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

1

## PARTIES

4. Decedent ABEL ROSILES JR. was a 21year-old Hispanic man who resided in Round Lake Beach, IL.

5. Plaintiff FABIOLA ROSILES is the sister of Abel Rosiles Jr. and was named Independent Administrator of the Estate of Abel Rosiles Jr. Ex. A. Letters of Office.

6. At all times relevant Defendants J. Scheithe, J. Bertholomey, T. Cramer, H. Atwell (hereinafter collectively referred to as "OFFICERS") were Round Lake Beach Police Officers employed by the Defendant VILLAGE OF ROUND LAKE BEACH, and were acting under the color of state law and within the scope of their employment.

7. Defendant VILLAGE OF ROUND LAKE BEACH is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the Defendant OFFICERS. Should Plaintiff prevail on her claims, Defendant VILLAGE OF ROUND LAKE BEACH is liable to Plaintiff as the principal on Plaintiff's state law claims, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

## FACTS

8. On June 10, 2020, Decedent ABEL ROSILES JR. was detained by Defendant OFFICERS at a Thornton's gas station located at 180 E. Rollins Rd., Round Lake Beach, IL.

9. ABEL ROSILES JR. was placed in handcuffs and presented no threat or danger to Defendant OFFICERS.

10. During their detention of ABEL ROSILES JR, Defendant OFFICERS placed ROSILES face down with his abdomen across a curb, and used excessive force on ABEL ROSILES JR by exerting physical pressure on the Decedent's head, neck, shoulders, chest and back.

11. One or more of Defendant OFFICERS used unreasonable and dangerous methods of force and restraint on ABEL ROSILES JR.

12. Defendant OFFICERS' use of force and methods of restraint caused ABEL ROSILES JR to suffer a loss of oxygen to his brain.

13. As a result of Defendant OFFICERS' actions and omissions, Plaintiff died on June 18, 2020.

## CLAIMS

### COUNT I – WILLFUL & WANTON LLLINOIS WRONGFUL DEATH ACT (ALL DEFENDANTS)

14. Each of the preceding paragraphs is incorporated as if fully restated here.

15. At all relevant times, Defendant OFFICERS owed decedent ABEL ROSILES JR a duty to refrain from wanton and willful acts and/or omissions, which could cause him harm.

16. Defendant OFFICERS breached their duty to Decedent ABEL ROSILES JR in the in one or more of the following ways:

    a. With careless disregard for the safety of the decedent, placed the decedent in handcuffs, face down, and with his abdomen on a curb;
    b. With careless disregard for the safety of the decedent, placed one or more parts of their bodies on top of the decedent and exerted downward pressure;
    c. With careless disregard for the safety of the decedent, failed to stop exerting downward pressure even though the decedent was no longer breathing;
    d. With careless disregard for the safety of the decedent, planted a bag of cocaine in the decedent's mouth causing him to choke; and/or
    e. With careless disregard for the safety of the decedent, refused to intervene when they had a reasonable opportunity to do so.

17. Defendant OFFICERS' actions were undertaken intentionally, willfully and wantonly, and were the proximate cause of Decedent's death.

18. Decedent ABEL ROSILES JR is survived by his next of kin:

    Bertha Rosiles     -     Mother
    Abel Rosiles Sr    -     Father
    Galiliea Rosiles   -     Sister

    Fabiola Rosiles   -       Sister

19. By reason of the death of Decedent ABEL ROSILES JR Decedent's next of kin have suffered damages, including grief, and the loss of comfort, love, affection, and society of their family member, Decedent, ABEL ROSILES JR.

### COUNT II – WILLFUL & WANTON
### LLLINOIS SURVIVAL ACT
### (ALL DEFENDANTS)

20. Each of the preceding paragraphs is incorporated as if fully restated here.

21. At all relevant times, Defendant OFFICERS owed decedent ABEL ROSILES JR a duty to refrain from wanton and willful acts and/or omissions, which could cause him harm.

22. Defendant OFFICERS breached their duty to Decedent ABEL ROSILES JR in the in one or more of the following ways:

    a. With careless disregard for the safety of the decedent, placed the decedent in handcuffs, face down, and with his abdomen on a curb;
    b. With careless disregard for the safety of the decedent, placed one or more parts of their bodies on top of the decedent and exerted downward pressure;
    c. With careless disregard for the safety of the decedent, failed to stop exerting downward pressure even though the decedent was no longer breathing;
    d. With careless disregard for the safety of the decedent, planted a bag of cocaine in the decedent's mouth causing him to choke; and/or
    e. With careless disregard for the safety of the decedent, refused to intervene when they had a reasonable opportunity to do so.

23. As a proximate result of the aforementioned breaches of duty, the decedent suffered significant pain and suffering, medical expenses and emotional distress prior to his death.

### COUNT III – BATTERY
### ILLINOIS SURVIVAL ACT
### (ALL DEFENDANTS)

24. Each of the preceding paragraphs is incorporated as if fully restated here.

4

25. As more fully alleged in preceding counts, Defendant OFFICERS used physical force upon Decedent ABEL ROSILES JR without his consent.

26. Defendant OFFICERS' use of force was undertaken intentionally, willfully and wantonly.

27. As a direct and proximate result of Defendant OFFICERS' actions, Decedent ABEL ROSILES JR suffered physical pain and suffering and emotional distress before his death.

### COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ILLINOIS SURVIVAL ACT (ALL DEFENDANTS)

28. Each of the foregoing paragraphs is incorporated as if fully restated here.

29. As more fully alleged in the preceding counts, Defendants wantonly and willfully caused Decedent ABEL ROSILES JR to suffer severe emotional distress before his death.

30. Defendant OFFICERS' conduct toward ABEL ROSILES JR was extreme and outrageous.

31. Defendant OFFICERS knew or should have known that their acts or omissions would cause Decedent ABEL ROSILES JR to suffer severe emotional distress.

32. As a direct and proximate result of Defendant OFFICERS' acts or omissions, Decedent ABEL ROSILES JR suffered the severe emotional distress and suffering prior to his death

### COUNT V – 42 USC §1983 (DEFENDANT OFFICERS)

33. Each of the preceding paragraphs is incorporated as if fully restated here.

34. As described above, one or more of Defendant OFFICERS subjected Decedent ABEL ROSILES JR to excessive force in violation of the Fourth Amendment to the United States' Constitution.

5

35. Defendant OFFICERS' conduct was objectively unreasonable under the totality of the circumstances.

36. One or more of Defendant OFFICERS had reasonable to intervene and failed to do so in violation of the Fourth Amendment to the United States' Constitution.

37. As a result of Defendant OFFICERS' acts or omissions, decedent experienced pain and suffering, emotional distress, the loss of his life, and his estate has incurred medical and funeral expenses.

WHEREFORE the Plaintiff FABIOLA ROSILES, as Independent Administrator for the Estate of ABEL ROSILES JR. prays that judgment be entered against the Defendants in an amount in excess of the jurisdictional limit, and for an award of attorney fees, punitive damages and costs where allowed.

## JURY DEMAND

Plaintiff, FABIOLA ROSILES, as Independent Administrator for the Estate of ABEL ROSILES JR., demands a trial by jury on all issues.

Respectfully submitted,

**HALE & MONICO, LLC**

s/ Brian T. Monico

One of Plaintiffs' Attorneys

Brian T. Monico (6283562)
Megan S. O'Connor
HALE & MONICO, LLC
53 West Jackson,
Suite 337
Chicago, IL  60604
(312) 870-6901
btm@halemonico.com
mso@halemonico.com

6