# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FABIOLA ROSILES, as Independent Administrator For the Estate of ABEL ROSILES, JR., deceased, | ) ) ) |
| Plaintiff, | ) Case No. 21-cv-3236 ) |
| vs. | ) Hon. Marvin E. Aspen ) |
| VILLAGE OF ROUND LAKE BEACH, J. SCHEITHE, J. BERTHOLOMEY, T. CRAMER, and H. ATWELL, | ) Magistrate Gabriel Fuentes ) ) ) ) JURY TRIAL DEMANDED ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COME the Defendants, VILLAGE OF ROUND LAKE BEACH, JEREMIAH SCHEITHE, JOHN BERTHOLOMEY, TIM CRAMER, and HEATH ATWELL, by their attorneys, CHARLES E. HERVAS and G. DAVID MATHUES of HERVAS, CONDON, & BERSANI P.C., and for their Answer to Plaintiff's Complaint at Law, state as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and Illinois law.

**ANSWER:** **Defendants admit this lawsuit is brough pursuant to Section 1983 but deny any of Plaintiff's rights were violated.**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331, 1343 and 1367.

**ANSWER:** **Defendants admit the allegations in Paragraph 2.**

3. Venue is proper under 28 U.S.C. §1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** **Defendants admit venue is proper, that the events giving rise to the claims occurred in this district, and that some parties reside in this district. Defendants deny the remaining allegations in Paragraph 3.**

## PARTIES

4. Decedent ABEL ROSILES JR. was a 21 year-old Hispanic man who resided in Round Lake Beach, IL.

**ANSWER:** **Defendants admit the allegations in Paragraph 4.**

5. Plaintiff FABIOLA ROSILES is the sister of Abel Rosiles Jr. and was named Independent Administrator of the Estate of Abel Rosiles Jr.

**ANSWER:** **Defendants admit the allegations in Paragraph 5.**

6. At all times relevant Defendants J. Scheithe, J. Bertholomey, T. Cramer, H. Atwell (hereinafter collectively referred to as "OFFICERS") were Round Lake Beach Police Officers employed by the Defendant VILLAGE OF ROUND LAKE BEACH, and were acting under the color of state law and within the scope of their employment.

**ANSWER:** **Defendants admit the allegations in Paragraph 6.**

7. Defendant VILLAGE OF ROUND LAKE BEACH is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all times, the employer and principal of the Defendant OFFICERS. Should Plaintiff prevail on her claims, Defendant VILLAGE OF ROUND LAKE BEACH is liable to Plaintiff as the principal on Plaintiff's state law claims, and must indemnify Defendant OFFICERS on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

**ANSWER:** **Defendants admit that the Village of Round Lake Beach is a municipal corporation, duly incorporated under the laws of the State of Illinois, was the employer of the individual defendant officers, and is obligated by law to indemnify the officers for claims for compensatory damages arising out of the scope of their employment. Defendants deny the remaining allegations in Paragraph 7.**

# FACTS

8. On June 10, 2020, Decedent ABEL ROSILES JR. was detained by Defendant OFFICERS at a Thornton's gas station located at 180 E. Rollins Rd., Round Lake Beach, IL.

**ANSWER:** **Defendants admit the allegations in Paragraph 8.**

9. ABEL ROSILES JR. was placed in handcuffs and presented no threat or danger to Defendant OFFICERS.

**ANSWER:** **Defendants admit that Rosiles was handcuffed as some point during the encounter. Defendants deny the remaining allegation in Paragraph 9.**

10. During their detention of ABEL ROSILES JR., Defendant OFFICERS placed ROSILES face down with his abdomen across a curb, and used excessive force on ABEL ROSILES JR by exerting physical pressure on the Decedent's head, neck, shoulders, chest and back.

**ANSWER:** **Defendants admit that at one point during the encounter, Rosiles was placed facedown for a period of time. Defendants deny the remaining allegation in Paragraph 10.**

11. One or more of Defendant OFFICERS used unreasonable and dangerous methods of force and restraint on ABEL ROSILES JR.

**ANSWER:** **Defendants deny the allegations in Paragraph 11.**

12. Defendant OFFICERS' use of force and methods of restraint caused ABEL ROSILES JR to suffer a loss of oxygen to his brain.

**ANSWER:** **Defendants deny the allegations in Paragraph 12.**

13. As a result of Defendant OFFICERS' actions and omissions, Plaintiff died on June 18, 2020.

**ANSWER:** **Defendants deny the allegations in Paragraph 13.**

## CLAIMS

### COUNT I – WILLFUL & WANTON
### ILLINOIS WRONGFUL DEATH ACT
### (ALL DEFENDANTS)

14. Each of the preceding paragraphs is incorporated as if fully restated here.

**ANSWER:** **Defendants restate and incorporate their answers to all preceding paragraphs as if fully restated here.**

15. At all relevant times, Defendant OFFICERS owed decedent ABEL ROSILES JR. a duty to refrain from wanton and willful acts and/or omissions, which could cause him harm.

**ANSWER:** **Defendants admit that the individual officers, when acting in the scope of their employment, have a general duty to not act in a willful and wanton manner. Defendants deny the remaining allegations in Paragraph 15.**

16. Defendant OFFICERS breached their duty to Decedent ABEL ROSILES JR. in the in one or more of the following ways:

    a. With careless disregard for the safety of the decedent, placed the decedent in handcuffs, face down, and with his abdomen on a curb;
    b. With careless disregard for the safety of the decedent, placed one or more parts of their bodies on top of the decedent and exerted downward pressure;
    c. With careless disregard for the safety of the decedent, failed to stop exerting downward pressure even though the decedent was no longer breathing;
    d. With careless disregard for the safety of the decedent, planted a bag of cocaine in the decedent's mouth causing him to choke; and/or
    e. With careless disregard for the safety of the decedent, refused to intervene when they had a reasonable opportunity to do so.

**ANSWER:** **Defendants deny the allegations in Paragraph 16.**

17. Defendant OFFICERS' actions were undertaken intentionally, willfully and wantonly, and were the proximate cause of Decedent's death.

**ANSWER:** **Defendants deny the allegations in Paragraph 17.**

18. Decedent ABEL ROSILES JR is survived by his next of kin:

    Bertha Rosiles – Mother
    Abel Rosiles Sr – Father
    Galiliea Rosiles – Sister
    Fabiola Rosiles – Sister

**ANSWER:** **Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 18.**

19. By reason of the death of Decedent ABEL ROSILES JR Decedent's next of kin have suffered damages, including grief, and the loss of comfort, love, affection, and society of their family member, Decedent ABEL ROSILES JR.

**ANSWER:** **Defendants have insufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 19.**

## COUNT II – WILLFUL & WANTON
## ILLINOIS SURVIVAL ACT
## (ALL DEFENDANTS)

20. Each of the preceding paragraphs is incorporated as if fully restated here.

**ANSWER:** **Defendants restate and incorporate their answers to all preceding paragraphs as if fully restated here.**

21. At all relevant times, Defendant OFFICERS owed decedent ABEL ROSILES JR a duty to refrain from wanton and willful acts and/or omissions, which could cause him harm.

**ANSWER:** **Defendants admit that the individual officers, when acting in the scope of their employment, have a general duty to not act in a willful and wanton manner. Defendants deny the remaining allegations in Paragraph 21.**

22. Defendant OFFICERS breached their duty to Decedent ABEL ROSILES JR in the in one or more of the following ways:

   a. With careless disregard for the safety of the decedent, placed the decedent in handcuffs, face down, and with his abdomen on a curb;
   b. With careless disregard for the safety of the decedent, placed one or more parts of their bodies on top of the decedent and exerted downward pressure;
   c. With careless disregard for the safety of the decedent, failed to stop exerting downward pressure even though the decedent was no longer breathing;
   d. With careless disregard for the safety of the decedent, planted a bag of cocaine in the decedent's mouth causing him to choke; and/or
   e. With careless disregard for the safety of the decedent, refused to intervene when they had a reasonable opportunity to do so.

**ANSWER:** **Defendants deny the allegations in Paragraph 22.**

23. As a proximate result of the aforementioned breaches of duty, the decedent suffered significant pain and suffering, medical expenses and emotional distress prior to this death.

**ANSWER:** **Defendants deny the allegations in Paragraph 23.**

### COUNT III – BATTERY ILLINOIS SURVIVAL ACT (ALL DEFENDANTS)

24. Each of the preceding paragraphs is incorporated as if fully restated here.

**ANSWER:** **Defendants restate and incorporate their answers to all preceding paragraphs as if fully restated here.**

25. As more fully alleged in preceding counts, Defendant OFFICERS used physical force upon Decedent ABEL ROSILES JR without his consent.

**ANSWER:** **Defendants admit that one or more individual officers used force in their attempt to detain Rosiles Jr. Defendants deny that such force was unlawful under the Fourth Amendment or under Illinois law and deny the remaining allegations in Paragraph 25.**

26. Defendant OFFICERS' use of force was undertaken intentionally, willfully and wantonly.

**ANSWER:** **Defendants deny the allegations in Paragraph 26.**

27. As a direct and proximate result of Defendant OFFICERS' actions, Decedent ABEL ROSILES JR suffered physical pain and suffering and emotional distress before his death.

**ANSWER:** **Defendants deny the allegations in Paragraph 27.**

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ILLINOIS SURVIVAL ACT (ALL DEFENDANTS)

28. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** **Defendants restate and incorporate their answers to all preceding paragraphs as if fully restated here.**

29. As more fully alleged in the preceding counts, Defendants wantonly and willfully caused Decedent ABEL ROSILES JR to suffer severe emotional distress before his death.

**ANSWER:** **Defendants deny the allegations in Paragraph 29.**

30. Defendant OFFICERS' conduct toward ABEL ROSILES JR was extreme and outrageous.

**ANSWER:** **Defendants deny the allegations in Paragraph 30.**

31. Defendant OFFICERS knew or should have known that their acts or omissions would cause Decedent ABEL ROSILES JR to suffer severe emotional distress.

**ANSWER:** **Defendants deny the allegations in Paragraph 31.**

32. As a direct and proximate result of Defendant OFFICERS' acts or omissions, Decedent ABEL ROSILES JR suffered the severe emotional distress and suffering prior to his death.

**ANSWER:** **Defendants deny the allegations in Paragraph 32.**

### COUNT V – 42 USC §1983
### (DEFENDANT OFFICERS)

33. Each of the preceding paragraphs is incorporated as if fully restated here.

**ANSWER:** **Defendants restate and incorporate their answers to all preceding paragraphs as if fully restated here.**

34. As described above, one or more of Defendant OFFICERS subjected Decedent ABEL ROSILES JR to excessive force in violation of the Fourth Amendment to the United States' Constitution.

**ANSWER:** **Defendants deny the allegations in Paragraph 34.**

35. Defendant OFFICERS' conduct was objectively unreasonable under the totality of the circumstances.

**ANSWER:** **Defendants deny the allegations in Paragraph 35.**

36. One or more of Defendant OFFICERS had reasonable to intervene [*sic*] and failed to do so in violation of the Fourth Amendment to the United States' Constitution.

**ANSWER:** **Defendants deny the allegations in Paragraph 36.**

37. As a result of Defendant OFFICERS' acts of omissions, decedent experienced pain and suffering, emotional distress, the loss of his life, and his estate has incurred medical and funeral expenses.

**ANSWER:** **Defendants deny the allegations in Paragraph 37.**

WHEREFORE, Defendants VILLAGE OF ROUND LAKE BEACH, JEREMIAH SCHEITHE, JOHN BERTHOLOMEY, TIM CRAMER, and HEATH ATWELL deny that Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/ Charles E. Hervas**
CHARLES E. HERVAS, # 06185117
G. DAVID MATHUES, # 06293314
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL  60143-3156
P:  630-773-4774     F:  630-773-4851
chervas@hcbattorneys.com
dmathues@hcbattorneys.com

## FIRST AFFIRMATIVE DEFENSE

NOW COME the Defendants, JEREMIAH SCHEITHE, JOHN BERTHOLOMEY, TIM CRAMER, and HEATH ATWELL, by their attorneys, CHARLES E. HERVAS and G. DAVID MATHUES, P.C., and for their First Affirmative Defense to Plaintiff's Complaint, state as follows:

Defendants did not violate any clearly established constitutional rights of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, Defendants, JEREMIAH SCHEITHE, JOHN BERTHOLOMEY, TIM CRAMER, and HEATH ATWELL, individually, deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/ Charles E. Hervas**
CHARLES E. HERVAS, # 06185117
G. DAVID MATHUES, # 06293314
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL  60143-3156
P:  630-773-4774     F:  630-773-4851
chervas@hcbattorneys.com
dmathues@hcbattorneys.com

## SECOND AFFIRMATIVE DEFENSE

NOW COME the Defendants, VILLAGE OF ROUND LAKE BEACH, JEREMIAH SCHEITHE, JOHN BERTHOLOMEY, TIM CRAMER, and HEATH ATWELL, by their attorneys, CHARLES E. HERVAS and G. DAVID MATHUES, P.C., and for their Second Affirmative Defense to Plaintiff's Complaint, state as follows:

Plaintiff's claims are barred, in whole or in part, by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/101 et seq., including:

1. Defendant Village of Round Lake Beach is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by an injured party or a third party. 745 ILCS 10/2-102 and 10/2-302. Therefore, the Village of Round Lake Beach is not liable for any punitive damages award should such an award be made in favor of Plaintiff.

2. Defendant Village of Round Lake Beach is not liable for an injury resulting from an act or omission of its employees, including the individual Defendant Officers, where the employees are not liable. 745 ILCS 10/2-109 (West 2010). No Village of Round Lake Beach employee is liable for Plaintiff's alleged injuries and damages, so the Village of Round Lake Beach is not liable.

3. The individual Defendant Officers are not liable for their alleged acts or omissions in the execution or enforcement of any law unless such acts constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2010). The individual Defendant Officers were at all times attempting to execute or enforce the law while interacting with Rosiles Jr., and they did not act in a willful and wanton manner, so they are not liable for any alleged acts or omissions.

4. The individual Defendant Officers are not liable for any injury caused by the acts or omissions of other persons. 745 ILCS 10/2-204. Any injury sustained by Rosiles Jr. occurred solely due to the acts or omissions of other persons, including Rosiles Jr. himself, and therefore the individual Defendant Officers are not liable.

5. The individual Defendant Officers are not liable for any injury caused by their alleged failure to furnish or obtain medical care for a prisoner in their custody, unless they know from their observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fail to take reasonable action to summon medical care. Any injury sustained by Rosiles Jr. occurred when he was a prisoner in the custody of the individual Defendant Officers, and no individual Defendant Officer saw Rosiles Jr. was in need of medical care and acted in a willful and wanton manner by failing to summer medical care.

Respectfully submitted,

**s/ Charles E. Hervas**
CHARLES E. HERVAS, # 06185117
G. DAVID MATHUES, # 06293314
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL  60143-3156
P:  630-773-4774     F:  630-773-4851
chervas@hcbattorneys.com
dmathues@hcbattorneys.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FABIOLA ROSILES, as Independent Administrator )<br>For the Estate of ABEL ROSILES, JR., deceased, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VILLAGE OF ROUND LAKE BEACH, )<br>J. SCHEITHE, J. BERTHOLOMEY, T. CRAMER, )<br>and H. ATWELL, )<br>)<br>)<br>Defendants. ) | Case No. 21-cv-3236<br><br>Hon. Marvin E. Aspen<br><br>Magistrate Gabriel Fuentes<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on **September 10, 2021**, I electronically filed the foregoing ***Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint at Law*** with the Clerk of the District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notification to the following CM/ECF participants:

**TO:** Megan S. O'Connor
Brian T. Monico
Hale & Monico
53 W. Jackson, #337
Chicago, IL 60604
mso@halemonico.com
btm@halemonico.com

**s/ Charles E. Hervas**
CHARLES E. HERVAS, # 06185117
G. DAVID MATHUES, # 06293314
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
chervas@hcbattorneys.com
dmathues@hcbattorneys.com
